IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| DARLENE DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:13-cv-1513-GBL-IDD |
| | ) | |
| COMCAST CORPORATION, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER is before the Court on Defendant Comcast Corporation, Inc.'s Bill of Costs (Doc. No. 224) and Plaintiff Darlene J. Davis's Opposition thereto (Doc. No. 232). This case concerns Plaintiff's employment discrimination and Equal Pay Act claims against her former employer, to which this Court granted Defendant's Motion for Summary Judgment (Doc. No. 221) and entered final judgment in favor of Defendant (Doc. No. 222).

In light of Plaintiff's opposition to the Bill of Costs, there are three issues before the Court. The first issue is whether the Court should sustain Plaintiff's objection due to insufficient access to financial resources. The second issue is whether the Court should sustain Plaintiff's objection based on her argument that an appeal is pending. The third issue is whether the Court should sustain the objection based on Plaintiff's argument that she was "forced" to be deposed and that those costs were unnecessary.

The Court GRANTS Defendant's Bill of Costs and OVERRULES Plaintiff's Opposition for three reasons. First, Plaintiff fails to provide any support for her claim of insufficient access to financial resources. Second, the Fourth Circuit entered final judgment affirming this Court's

ruling and Defendant remains the prevailing party. Third, deposing Plaintiff was consistent with the Federal Rules of Civil Procedure and Fourth Circuit precedent.

## I. BACKGOUND

On February 24, 2014, Plaintiff filed a five-count Complaint alleging that Defendant violated Title VII of the Civil Rights Act of 1964 because: (1) Defendant discriminated against her on the basis of gender or race (Count I); (2) Defendant's discrimination caused Plaintiff's disparate treatment (Count II); (3) Defendant's discrimination subjected Plaintiff to a hostile work environment (Count III); (4) Defendant retaliated against Plaintiff for reporting her allegations to the Equal Employment Opportunity Commission ("EEOC") (Count IV); and (5) Defendant violated the Equal Pay Act, 29 U.S.C. § 206(d)(1) (Count V). (Doc. No. 5). *See Davis v. Comcast Corp.*, No. 1:13-cv-01513-GBL-IDD, 2015 WL 11111066, slip op. at *1 (E.D. Va. Jan. 26, 2015). On January 26, 2015, this Court granted Defendant's Motion for Summary Judgment because Plaintiff failed to establish a prima facie case to support her claims of discrimination on the basis of race and gender (Count I), disparate treatment (Count II), and retaliation (Count V). Furthermore, the Court found Plaintiff "failed to show a genuine issue of [material] fact that she was subjected to persistent and severe discrimination . . . [that would rise] to the level of a hostile work environment" in response to Plaintiff's claim of a hostile work environment (Count III). (Doc. No. 221). *Davis,* 2015 WL 11111066, slip op. at *8. Finally, the Court issued summary judgment as to Count IV because the record reflected pay differences between Plaintiff and other male employees "due to individual sales performance." *Id.*

Plaintiff appealed this Court's decision to the Court of Appeals for the Fourth Circuit. On June 26, 2016, the Fourth Circuit entered a judgment effective the same day. In its mandate the

appellate court stated, "[w]e have reviewed the record and find no reversible error." (Doc. No. 233.) As a result, the appellate court affirmed this Court's summary judgment decision. *See id.*

On January 16, 2015, Plaintiff appealed from this Court's final order denying her relief in accordance with the claims under Title VII of the Civil Rights Act of 1964 and the Equal Pay Act. (Doc. No. 223.) As grounds for her appeal, Plaintiff claimed that Defendant failed to provide a relevant attachment to their Answer. (*See id.*) The Fourth Circuit found no reversible error since Defendant's since filed the requested attachment and affirmed this Court's ruling. (Doc. No. 233.)

Plaintiff filed a second appeal from this Court's denial of her Fed. R. Civ. P. 60 Motion to Set Aside Judgment. Again, the Fourth Circuit denied Plaintiff's Motion, finding no reversible error and affirmed this Court's rulings. (Doc. No. 271.)

## II. DISCUSSION

### A. Standard of Review

Federal Rule of Civil Procedure 54 provides in relevant part, "unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). The Fourth Circuit has held that this rule creates a presumption that the prevailing party will be awarded costs. *See Fells v. Virginia Department of Transportation*, 605 F. Supp. 2d 740, 742 (E.D. Va. 2009) (citing *Cherry v. Champion Int. 'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999)). The court retains the discretion to deny costs to the prevailing party where there is good reason for the denial. *See Cherry v. Champion Int. 'l Corp.*, 186 F.3d at 446. In the Fourth Circuit, courts consider a party's inability to pay as a factor when exercising discretion to deny costs to the prevailing party. *See Agha v. Suntrust Bank*, No. 1:14-CV-102, 2015 WL 1640356 (E.D. Va. April 8, 2015).

**B. Analysis**

The Court GRANTS Defendant's Bill of Costs and OVERRULES Plaintiff's Opposition because: (1) Plaintiff fails to provide any support to show that she lacks financial resources; (2) this case is no longer on appeal; and (3) deposing Plaintiff was consistent with applicable law.

*1. Plaintiff Fails to Show Insufficient Access to Financial Resources*

The Court overrules Plaintiff's Opposition on the basis that she lack funds sufficient funds to pay the Bill of Costs because Plaintiff provides no proof of such inability aside from the claim itself. (Doc. No. 232 at 1.)

In *Agha*, this Court denied the prevailing party an award of costs in light of the Plaintiff's inability to pay. *See Agha*, 2015 WL 1640356. There, the plaintiff provided the following proof of her inability to pay: "(1) she is a full time student at a community college; (2) she is not presently working; (3) her bank account, which was closed recently due to 'prolonged overdrawn status' shows a negative balance; (4) her live-in partner pays for her lodging; and (5) she receives a $500 stipend from her family . . . that she uses to pay for her school and food expenses." *Id.* at *3. Accordingly, this Court in *Agha* determined that the plaintiff established "sufficiently modest means" and declined to award the defendant costs. *Id.*

By contrast, here, Plaintiff asserts her inability to pay Defendant's Bill of Costs by stating "my income is still low enough to have [court] fees waived." (Doc. No. 232 at 1.) Plaintiff provides no other support for her claim. For that reason, the Court overrules Plaintiff's Opposition insofar as it is based on her inability to pay.

### 2. The Fourth Circuit Issued a Final Judgment

The Court overrules Plaintiff's Opposition based on a pending appeal because the Fourth Circuit affirmed this Court's grant of summary judgment in favor Defendant. (*See* Doc. No. 275.)

In her Opposition, Plaintiff expresses an expectation that "this matter [will] be reversed on [a]ppeal if proper attention and consideration is given to the facts and to the evidence submitted." (Doc. No. 232 at 2.) She further attests that the Court's ruling in favor of the Defendant was done in error because Defendant "[has] not corrected the matters[,] violations[, and] illegal actions committed against [her] . . . ." (*Id.*) However, the Fourth Circuit affirmed this Court's rulings twice. (*See* Doc. Nos. 233, 271.) Consequently, Plaintiff's expectation that this matter will be reversed on appeal is unsupported. The Defendant remains the prevailing party and pursuant to Federal Rule of Civil Procedure 54(d)(1) as applied within the Fourth Circuit, Defendant is entitled to recover costs from Plaintiff.

### 3. Deposing Plaintiff is Consistent with the Applicable Law

The Court overrules Plaintiff's Opposition to Defendant's Bill of Costs, where Plaintiff claims her deposition was forced and unnecessary, because the deposition is compliant with both the Federal Rules of Civil Procedure and Fourth Circuit precedent.

Defendant requests recovery of $2,631.48 for "costs incurred for the deposition of [Plaintiff]." (Doc. No. 225.) Defendant believed it "reasonably necessary" to depose Plaintiff, obtain transcripts of the deposition, and provide Plaintiff with certified copies of the transcripts. (Doc. No. 225 at 2.) In her Opposition, Plaintiff posits three additional reasons why she should not be held responsible: (1) Plaintiff was "forced to have [her] depositions taken"; (2) Plaintiff had to fund "a vehicle and gas" to travel outside the "district where this case was heard to

accommodate the Defense"; and (3) the deposition was unnecessary because Plaintiff "answered [Defendant's interrogatories] under oath in discovery, sent [Defendant's] documents, [and] cooperated in investigations for years . . . ." (Doc. No. 232 at 1.)

Under the Federal Rule of Civil Procedure governing the general scope of discovery, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." FED. R. CIV. P. 26(b)(1). The rule requires parties to consider, among other things, "the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1). The Rules further permit parties to depose any person without leave of court when the party seeking a deposition provides "reasonable written notice to every other party" to include information of the time and place the deposition is to be held. FED. R. CIV. P. 30(a)(1), (b)(1). Finally, the Rules allow parties to stipulate that "a deposition may be taken before any person, at any time or place . . . ." FED. R. CIV. P. 29(a).

As an additional requirement to the general rule, the Fourth Circuit allows a prevailing party recovery for the costs of deposition where "the taking of the deposition is reasonably necessary at the time of its taking." *LaVay Corp. v. Dominion Fed. Sav. & Loan*, 830 F.2d 522, 528 (4th Cir. 1987). The determination of whether a deposition is reasonably necessary is within the court's discretion based on the court's "understanding of the necessities of legal practice" as it relates to the case at hand. *Cofield v. Crumpler*, 179 F.R.D. 510, 518 (E.D. Va. 1998) (quoting *Jop v. City of Hampton*, 163 F.R.D. 486, 488 (E.D. Va. 1995)). Accordingly, where a deposition is taken in compliance with the Federal Rules of Civil Procedure governing discovery, a court within the Fourth Circuit is likely to consider the deposition "necessarily obtained for use in the case." *Id.*

Here, the Plaintiff's deposition is compliant with the requirements set forth in the Federal Rules of Civil Procedure because the content of the deposition is proportional to the needs of the case. Additionally, one can infer from Plaintiff's attendance at the specific time and location of the deposition that she received reasonable written notice. Finally, in accordance with Fourth Circuit precedent, Defendant appropriately believed the deposition to be reasonably necessary at the time of its taking.

Plaintiff's five-count Complaint alleged, among other things, discrimination on the basis of race and sex in violation of Title VII of the Civil Rights Act of 1964. (*See* Pl.'s Am. Compl., Doc. No. 5.) During the deposition, Defendant questioned Plaintiff regarding documents included in her personnel file with Comcast, specific employment activities of Defendant which Plaintiff subjectively perceived as discriminatory, and Plaintiff's sales performance during her term as Defendant's employee. (Pl.'s Mem. to Set Aside Summ. J. Ex. 1, Doc. No. 239-1.) Defendant's inquiries during Plaintiff's deposition are relevant to Plaintiff's discrimination claims and are necessary to resolve the issues of the case. It follows that Plaintiff's deposition is proportional to the needs of the case as required by the Rules. *See* FED. R. CIV. P. 26(b)(1).

Because Plaintiff's deposition was consistent with the Federal Rules of Civil Procedure and Fourth Circuit precedent, the Court overrules Plaintiff's Opposition insofar as she argues the deposition costs were unnecessary.

### III. CONCLUSION

In sum, Plaintiff has not provided sufficient support for her claim of insufficient funds to pay the Bill of Costs, Plaintiff's case is no longer on appeal, and Plaintiff's deposition was necessarily obtained for use in this case.

Accordingly, **IT IS HEREBY ORDERED** that Defendant Comcast Corporation, Inc.'s Bill of Costs (Doc. No. 224) is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff Darlene J. Davis's Opposition to Bill of Costs (Doc. No. 232) is **DENIED**.

**IT IS SO ORDERED**.

ENTERED this _2nd_ day of December, 2016.

Alexandria, Virginia
12 / 2 / 2016

_____/s/_____
Gerald Bruce Lee
United States District Judge

8